Submitted July 5, limited judgment reversed in part and remanded for further proceedings against the state; otherwise affirmed September 18, 2013

ROBERT WOODROFFE,
*Plaintiff-Appellant,*

*v.*

Diane HUBBARD;
Shelly Hubbard;
James Davidson;
Mark Nooth, Superintendent,
Snake River Correctional Institution;
Polly Stuart, Executive Assistant, SRCI;
Treasa Hicks, Grievance Coordinator;
Susan Roberts, Doc Domb Building;
Lt. Webb, SRCI Security;
all state employees in their
individual and official capacities,
*Defendants,*

*and*

STATE OF OREGON,
Department of Corrections,
*Defendant-Respondent.*

Linn County Circuit Court
112211; A150891

310 P3d 736

Robert Woodroffe filed the brief *pro se.*

Ellen Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Johansen, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Plaintiff appeals a limited judgment dismissing his complaint against the Oregon Department of Corrections (the state) and individual state employees. He raises a number of assignments of error, only one of which is well taken. In his second assignment of error, plaintiff argues that he properly served a summons and complaint on the state under ORCP 7, and that the trial court erred in concluding otherwise.

A detailed recitation of the facts of this case would not benefit the bench, the bar, or the public. The state concedes that plaintiff served the state in a "manner reasonably calculated, under all the circumstances, to apprise [the state] of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend," ORCP 7 D(1). We agree, accept the concession of error, and reverse and remand the limited judgment insofar as it dismissed plaintiff's claims against the state.[1]

Limited judgment reversed in part and remanded for further proceedings against the state; otherwise affirmed.

---

[1] To be clear, we reverse and remand only with respect to the dismissal of plaintiff's claims against *the state*, not the dismissal of claims against individual state employees.